## UNITED STATES DISTRICT COURT
### District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

### LETTER-OPINION

May 24, 2007

Robert C. Conroy, Esq.
Kern Augustine Conroy & Schoppmann, P.C.
1120 Route 22 East
Bridgewater, NJ 08807

Paul R. Kenny, D.A.G.
Office of the Attorney General
State of New Jersey
Department of Law and Public Safety
Division of Law
P.O. Box 45029
Newark, NJ 07101

Re:   **Zahl v. New Jersey Department of Law and Public Safety, et al.**
      **Civil Action No.: 06-3749 (JLL)**

Dear Counsel:

This matter comes before the Court by way of Plaintiff's Amended Complaint and subsequent submissions from the parties. The procedural history is as follows. Plaintiff filed a Complaint by way of Order to Show Cause on August 10, 2006 seeking temporary restraints in conjunction with claims alleged pursuant to 42 U.S.C. § 1983.[1] The Court denied temporary restraints on the basis that Plaintiff had failed to demonstrate irreparable harm and ordered Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Both the subject matter jurisdiction issue and Plaintiff's original motion for preliminary injunction are pending before this Court.

---

[1]Plaintiff alleged violation of his First Amendment rights as well as violations of his procedural and substantive due process rights and right to equal protection as set forth by the Fourteenth Amendment.

On April 30, 2007 Plaintiff submitted a one-hundred-twenty page Amended Complaint which added several defendants and several new claims for relief. It appears from the Amended Complaint that currently, Plaintiff alleges the following claims for relief: (1) a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 declaring certain violations of 42 U.S.C. § 1983, 1985(3) and 1986; (2) a claim for prospective injunctive relief pursuant to 42 U.S.C. § 1983; (3) a claim for monetary damages pursuant to 42 U.S.C. § 1983; (4) a claim for monetary damages pursuant to 42 U.S.C. § 1985(3); (5) a claim for monetary damages pursuant to 42 U.S.C. § 1986; (6) a civil RICO claim pursuant to 18 U.S.C. § 1962(c); (7) a civil RICO claim pursuant to 18 U.S.C. § 1962(c) and (d); (8) a state RICO claim pursuant to N.J. Stat. § 2C:41-2c; (9) a state RICO claim pursuant to N.J. Stat. § 2C:41-2d. and 2c.; and lastly, (10) a state law claim for civil conspiracy. For each claim listed above, Plaintiff identifies which Defendant/s he alleges are liable. Plaintiff also modified the basis for preliminary injunctive relief sought.

Following the filing of the Amended Complaint, the Court received a series of letters from the State Defendants and Plaintiff discussing ongoing concerns regarding the Court's subject matter jurisdiction. The State Defendants also requested leave from the Court to file a motion to dismiss on the basis of subject matter jurisdiction. All pending issues will be addressed herein.

## DISCUSSION

A brief background of this matter provides the framework for the instant analysis. Zahl obtained his license to practice medicine from the State of New Jersey in 1990. Zahl is also licensed in New York and Pennsylvania. A complaint was filed against Zahl on August 5, 1999. On April 3, 2003 the New Jersey State Board of Medical Examiners (the "Board") revoked Zahl's license. The Board revoked his license based on its determination that Zahl had engaged in misconduct. Zahl appealed this determination to the Appellate Division. On April 11, 2003 the Appellate Division ordered a stay of the license revocation pending appeal. On June 9, 2005, the Appellate Division remanded the sanction of revocation to the Board for further review of whether this type of sanction was appropriate. The Board thereafter petitioned the New Jersey Supreme Court (the "Supreme Court") for certification on the question of revocation alone. The Supreme court granted certification yet denied Zahl's cross-petition for certification on the issue of liability.

On April 26, 2006, the Supreme Court reversed the judgment of the Appellate Division and remanded to the Board for revocation of Zahl's license. The Board revoked Zahl's license effective May 10, 2006. Since Plaintiff's original Complaint appeared to request injunctive relief which effective reversed the decision of the Board, the Court, pursuant to Federal Rule of Civil Procedure 12(h)(3)[2] ordered Plaintiff to show cause why the Court had subject matter jurisdiction

---

[2]Federal Rule of Civil Procedure 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall

over the action.[3]  The Court retains this authority to conduct a <u>sua sponte</u> inquiry to determine whether subject matter jurisdiction exists in light of the Amended Complaint.  <u>See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia</u>, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits ... Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the action must be dismissed.").

Although the parties fully briefed the issue of subject matter jurisdiction in response to the Order to Show Cause, now that Plaintiff has filed an Amended Complaint, the parties' arguments are somewhat outdated.  Plaintiff has added several new state and federal claims which arise from the same set of operative facts that initially gave rise to the Court's concerns with the existence of subject matter jurisdiction.  Accordingly, in the interests of judicial economy, and in light of the State Defendants' request for leave to file a motion to dismiss, the Court will grant such request and presently declines to conduct its own <u>sua sponte</u> analysis of subject matter jurisdiction at this juncture.  The State Defendants shall have sixty (60) days from the filing of the Amended Complaint to file a motion to dismiss for lack of subject matter jurisdiction.[4]

Also pending before the Court is Plaintiff's motion for preliminary injunction.  This motion seeks preliminary injunctive relief based upon claims in the Complaint which have since been modified by the Amended Complaint.  Further, the Court notes that should the Court decide to grant the State Defendants' motion to dismiss, Plaintiff's motion will be moot.  Accordingly, the Court holds that Plaintiff's motion for preliminary injunction shall be dismissed without prejudice to be re-filed[5] once the Court renders a decision on the State Defendants' forthcoming motion to dismiss the Complaint.

---

dismiss the action."

[3]When a plaintiff, who has litigated and lost in state court, seeks to have a federal court review and reverse a state court judgment, such a suit must be dismissed for lack of subject matter jurisdiction.  <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 125 S.Ct. 1517, 1521 (2005).  This statement summarizes the holding of two cases, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), which together, comprise what is known as the Rooker-Feldman Doctrine.  <u>Exxon Mobil</u>, 125 S.Ct. at 1521.

[4]The Court notes that this decision is without prejudice to its own authority to <u>sua sponte</u> address any subject matter jurisdictional concerns at a later time in the litigation.

[5]Should Plaintiff also wish to re-brief this motion in light of any subsequent decision of this Court and any amendments set forth in the Amended Complaint, Plaintiff shall first request leave from the Court.

## CONCLUSION

For the reasons stated herein, the Court orders the Clerk of the Court to file the Amended Complaint, grants the State Defendants' request for leave to file a motion to dismiss and dismisses Plaintiff's motion for a preliminary injunction without prejudice.

An appropriate order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge