NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ZAHL, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEW JERSEY DEPARTMENT OF ) <br> LAW AND PUBLIC SAFETY, ) <br> et. al., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 06-3749 (JLL) <br><br> **O R D E R** |

**LINARES, District Judge.**

The instant matter comes before the Court on the motion on behalf of Defendants the State of New Jersey, the New Jersey State Board of Medical Examiners, Stuart Rabner, Douglas J. Harper, and Paul R. Kenny (collectively, the "State Defendants") to dismiss the Amended Verified Complaint ("Amended Complaint") filed June 29, 2007; Defendant Philip Rubinfield's ("Rubinfeld") motion to dismiss filed July 16, 2007; and Harry Kosovsky's, Gertrude Kosovsky's, and Karen Ann Kosovsky's ("the Kosovsky Defendants") motion to dismiss filed September 21, 2007. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in the accompanying Opinion,

**IT IS** on this 26th day of March, 2008,

**ORDERED** that Defendants' motions to dismiss are GRANTED without prejudice with respect to Plaintiff's Claim Two; and it is further

**ORDERED** that Defendants' motions to dismiss are GRANTED with respect to

Plaintiff's ongoing state court litigation regarding the billing and practice monitoring imposed by the Board, and that this Court abstains therefrom; and it is further

**ORDERED** that the State Defendants' motion to dismiss is GRANTED as to Plaintiff's constitutional claims in Counts One, Two, and Three; and it is further

**ORDERED** that the State Defendants' motion to dismiss is GRANTED as to the State of New Jersey, the New Jersey Department of Law and Public Safety, the Division of Consumer Affairs, and the Board of Medical Examiners; and it is further

**ORDERED** that the State Defendants' motion to dismiss is GRANTED as to Harper with regard to his withholding exculpatory evidence, moving for a summary decision, use of Rubinfeld's and Blackman's testimony, arguing before judicial bodies, urging interpretations of law, conducting settlement negotiations, and exercising various procedural rights as he enjoys absolute immunity with regard to those allegations; and it is further

**ORDERED** that Rubinfeld's motion to dismiss is GRANTED insofar as he is entitled to absolute immunity for his service as a witness before the Board; and it is further

**ORDERED** that Defendants' motions to dismiss are DENIED with respect to the issues of the statutes of limitations, qualified immunity, and service of process; and it is further

**ORDERED** that Defendants' motions to dismiss Counts Six, Seven, Eight, and Nine are GRANTED without prejudice, but that Plaintiff's Federal RICO aiding and abetting claims are dismissed with prejudice; and it is further

**ORDERED** that Defendants' motions to dismiss are GRANTED as to Count Ten; and it is further

**ORDERED** that the Kosovsky's motion to dismiss is GRANTED with respect to Plaintiff's § 1985(3) and § 1986 claims; and it is further

**ORDERED** that the State Defendants' motion to dismiss is GRANTED with respect to the individual-capacity claim against Stuart Rabner.

**ORDERED** that the State Defendants' motion to dismiss is GRANTED with respect to the individual-capacity claim against Stuart Rabner.

Jose L. Linares
United States District Judge