NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ZAHL, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW JERSEY DEPARTMENT OF )<br>LAW AND PUBLIC SAFETY, ET AL., )<br>)<br>Defendants. )<br> ) | Civil Action No.: 06-3749 (JLL)<br><br>**OPINION** |

**LINARES, District Judge.**

The instant matter comes before the Court on the February 14 and June 18, 2008, motions [CM/ECF #s 117 & 146] of Plaintiff Kenneth Zahl, M.D. ("Plaintiff" or "Zahl") for leave to file an application for injunctive relief before this Court. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Plaintiff's motions are denied.

INTRODUCTION

Zahl filed his initial Complaint before this Court by way of order to show cause on August 10, 2006. Zahl sought, inter alia, injunctive relief setting aside his New Jersey medical license revocation. (Compl. ¶ 97.) This Court denied his request for temporary restraints under Federal Rule of Civil Procedure 65 on August 28, 2006, for failure to establish irreparable harm. (Letter Op. & Order of Aug. 28, 2006, at 6.) Zahl then rebriefed the issue of preliminary injunctive relief on September 22, 2006, in a filing later construed by this Court as a motion. (Letter Op. of May 24, 2007 at 3; CM/ECF #10.) Prior to this Court ruling on the preliminary

1

injunction requested by Zahl, he filed the Amended Complaint on April 30, 2007. This Court dismissed the pending motion for a preliminary injunction without prejudice, and allowed the filing of the Amended Complaint, which substantially altered the nature of the injunctive relief requested by Zahl. (Letter Op. of May 24, 2007 at 4.)

After the medical licensing authorities of the State of New York had begun taking proceedings against Zahl, he filed another motion for temporary restraints in this Court based upon the Amended Complaint on February 6, 2008. This Court denied Zahl's request on two grounds: Zahl's failure to obey this Court's previously enunciated requirement that he obtain leave prior to filing for further injunctive relief, and the failure of Zahl to meet the irreparable harm requirement. (Order of Feb. 7, 2008 at 3.) Zahl filed a motion for leave to file injunctive relief based on the Amended Complaint on February 14, 2008.

While that motion was pending, this Court ruled on the motions to dismiss of several of the Defendants. Count Two of the Amended Complaint, on which Zahl based his motion for leave to file of February 14, 2008, was dismissed, along with other portions of the Amended Complaint. (Op. of Mar. 25, 2008, passim.) Zahl responded by seeking leave to file a Second Amended Complaint; this Court expects that motion to be filed September 5, 2008. Prior to that motion being filed, Zahl placed his motion for leave to file for preliminary injunctive relief based on the putative Second Amended Complaint before this Court on June 18, 2008.

## DISCUSSION

As a preliminary matter, this Court finds that Zahl's motion for leave to file of February 14, 2008, must be denied. Count Two of the Amended Complaint was dismissed for lack of subject matter jurisdiction. (Op. of Mar. 25, 2008 at 22-24.) Even if this Court had granted a

2

preliminary injunction on that count of the Amended Complaint, the injunction would have dissolved upon dismissal of that count.  "When there is no prospect of an adjudication of the merits, relief that purports to be temporary, pending such an adjudication, is obviously superfluous."  Consumers Union of U. S., Inc. v. Consumer Prod. Safety Comm'n, 561 F.2d 349, 356 (D.C. Cir. 1977).  This Court, therefore, finds that it without power to grant Zahl's February 14, 2008 motion.  Surrick v. Killion, 449 F.3d 520, 526 (3d Cir. 2006) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

With respect to the June 18, 2008 motion for leave to file, Zahl argues in his initial, three-page brief that leave to amend should be liberally granted and that no parties in the action will suffer prejudice by virtue of this filing.  (Pl. Br. at 1-2.)  The State Defendants—against whom Zahl is not seeking injunctive relief in the proposed Second Amended Complaint—opposed Zahl's instant request, arguing that Zahl did not establish that he could legally meet the irreparable harm prong of the standard for granting injunctive relief, and that leave to file for injunctive relief would be premature until the Second Amended Complaint was before this Court.  (State Def. Opp. Br. at 4.)  Zahl responded, in a letter brief greatly exceeding in length and scope of argument his opening brief on the motion, that substantial authority exists supporting the theory of irreparable harm under which the Second Amended Complaint is framed.  (Pl. Reply Br. at 2-4.)  Zahl also contends that the State Defendants are not the proper parties to oppose his motion, as they are not parties against whom injunctive relief is sought in the Second Amended Complaint.  (Id. at 1.)

This Court finds that at the present time, the issue of whether or not Zahl may move for

3

injunctive relief on the Second Amended Complaint is unripe for decision. The pleading currently before the Court is the Amended Complaint of April 30, 2007, partially dismissed by this Court in its March 25, 2008 Opinion. The Second Amended Complaint is not currently before the Court, as leave to file it has not been granted, and this Court does not yet have before it all of the arguments of the parties pertaining to it. It would be necessarily premature for this Court to weigh in on whether the Second Amended Complaint could support a motion for injunctive relief, as this Court has not considered the arguments of both parties concerning whether it should even be filed. "The ripeness doctrine serves to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." Khodara Environmental, Inc. v. Blakey, 376 F.3d 187, 196 (3d Cir. 2004) (internal quotation omitted). When considering the issue of ripeness, courts address a variety of concerns, "including whether the parties are in a sufficiently adversarial posture to be able to present their positions vigorously, whether the facts of the case are sufficiently developed to provide the court with enough information on which to decide the matter conclusively, and whether a party is genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one." Khodura Environmental, Inc., 376 F.3d at 196 (internal quotations omitted). Courts applying the ripeness doctrine generally utilize a two-prong analysis, examining whether or not the issue is fit for judicial decision and the hardship to the parties should the court decline to consider the issue. Id.

      The Court finds that the instant request, based on the sufficiency of a pleading that is contested and has not yet been filed, presents precisely the kind of hypothetical controversy that

4

the ripeness doctrine was intended to avoid.  <u>Surrick</u>, 449 F.3d at 527.  This Court finds that the issue of whether the Second Amended Complaint will be filed trumps the issue of whether or not it can support injunctive relief, and that the latter issue is not fit, in the language of ripeness, for decision.  Furthermore, while Zahl would clearly prefer that the issue of whether or not he can move for injunctive relief be determined at this juncture, he cannot be substantially harmed by having to wait until his pleading is actually before the Court to request leave to file for injunctive relief.  This Court, therefore, dismisses Zahl's June 18, 2008 motion for leave to file for injunctive relief as moot, but finds that Zahl may re-file his motion for leave at such time that the Second Amended Complaint is before the Court, assuming that it is before the Court in such a manner as to support the injunctive relief he seeks.

## CONCLUSION

For the forgoing reasons, this Court denies Plaintiff's motions.  An appropriate Order accompanies this Opinion.


DATED: September 3, 2008                                /s/ Jose L. Linares
                                                                             United States District Judge