NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ZAHL, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 06-3749 (JLL) |
| v. ) | |
| ) | **OPINION** |
| NEW JERSEY DEPARTMENT OF ) | |
| LAW AND PUBLIC SAFETY, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

For Plaintiff: Paul J. Verner (*Verner Simon, P.C.*)
           Hiram Eastland (*Eastland Law Offices, PLLC*)
For State Defendants: James J. Savage (*New Jersey Department of Law and Public Safety*)
Kevin McKeown, pro se

**LINARES**, District Judge.

   This matter comes before the Court by way of the motion [CM/ECF #286] to dismiss the Amended Complaint filed by Defendant Kevin McKeown ("Defendant" or "McKeown") on March 25, 2010.  Also before the Court is the motion by Plaintiff Kenneth Zahl ("Plaintiff" or "Zahl") for entry of judgment under Rule 54(b) [CM/ECF #289].  No oral argument was heard. Fed. R. Civ. P. 78.  For the reasons set forth in this Opinion, Plaintiff's motion is granted, and McKeown's motion to dismiss is granted.

## INTRODUCTION

   As this Court writes only for the parties, and because it set forth the factual background to this case extensively in a previous opinion, only a brief description of the facts underlying this

matter follows. Zahl, an anesthesiologist, engaged in the practice of medicine in New Jersey until 2006. He was also licensed to practice in New York, and is still licensed to practice in Pennsylvania. During the period of time relevant to this case, Zahl's New Jersey practice involved providing "eye block" anesthesia for Medicare-reimbursed surgery.

Zahl's billing method for the eye block procedures caused friction with the Medicare system, and he was eventually found to have overcharged Medicare. Zahl's former physician employee, Defendant Bonnie Blackman, reported his billing issues to the New Jersey medical licensing authorities, and an investigation ("Zahl I") commenced in 1999. New Jersey's licensing board eventually revoked Zahl's license in 2003. During Zahl's appeal, he was permitted to continue practicing medicine under a billing monitoring program. Before the appeal of the first administrative case against Zahl ended, New Jersey's licensing authorities brought a second administrative complaint ("Zahl II") against Zahl for violating his billing monitoring. The Supreme Court of New Jersey eventually ruled on Zahl I, upholding the revocation of Zahl's license for his Medicare billing improprieties in 2006. In re License Issued to Zahl, 895 A.2d 437 (N.J. 2006).

While Zahl I and Zahl II were proceeding, Zahl sought to have this Court prevent the New Jersey administrative authorities from proceeding, but his complaint was dismissed and he was unsuccessful on appeal. Zahl v. Harper, 282 F.3d 204, 206, 212 (3d Cir. 2002).

Zahl filed his initial complaint in this case by way of Order to Show Cause on August 10, 2006, seeking temporary and preliminary injunctive relief; this Court denied Zahl's application for temporary restraints on August 28, 2006 and ordered Zahl to show cause why this Court possessed subject matter jurisdiction over his claims. While the sua sponte order to show cause

of this Court was pending, on April 30, 2007, Zahl filed an Amended Complaint. On May 24, 2007, this Court concluded that the issues had changed dramatically due to Zahl's Amended Complaint, and the pending motions were dismissed without prejudice and a preliminary re-filing schedule established. On March 25, 2008, this Court dismissed the majority of Zahl's claims. Zahl moved to amend his complaint a second time on September 12, 2008, and his motion was opposed by the New Jersey state defendants, Rubinfeld, Blackman, and the Kosovskys. This Court denied that motion to amend, denied Plaintiff's motion for reconsideration of that decision, and dismissed all of Zahl's claims against all non-defaulting defendants. Zahl then filed another motion to amend, denied by this Court on March 10, 2010, in which this Court also vacated default against McKeown. McKeown subsequently filed a motion to dismiss; Zahl cross-moved for entry of judgment under Rule 54(b).

## DISCUSSION

**A.    Motion to Dismiss**

The operative complaint in this matter is the Amended Complaint, filed April 30, 2007. In 126 pages and 290 paragraphs, it contains claims against McKeown for a civil rights conspiracy under 42 U.S.C. § 1985(3); substantive violations of 18 U.S.C. § 1962(c) ("RICO") and N.J.S.A. § 2C:41-2c ("NJRICO"); RICO and NJRICO conspiracies; and a common law civil conspiracy. (Op. of March 25, 2008 at 11.)

**1.    Legal Standard**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable

inferences in favor of the non-moving party.[1]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Id.  Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims.  Scheuer, 416 U.S. at 236.  With this framework in mind, the Court turns now to Defendant's motion.

### 2. RICO and NJRICO Claims

McKeown asserts that the RICO and NJRICO claims against him must be dismissed because the Amended Complaint fails to allege a cognizable RICO enterprise, including the

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

required element of a common purpose. (Def. Br. at 22-24.) Zahl maintains that the Amended Complaint sufficiently pleads enterprises with common purposes under RICO and NJRICO. (Pl. Opp. Br. at 14-21.)

This Court dismissed the RICO and NJRICO claims in Zahl's Amended Complaint as to several defendants in 2008 because the enterprise alleged possessed no common purpose. (Op. of Mar. 25, 2008 at 49-53.) In so holding, this Court found:

> According to Zahl, the ZMPMLAIFE[2] ostensibly operated to maintain his medical practice. (Am. Compl. at 90.) At some point, various defendants infiltrated the ZMPMLAIFE to interfere with or obtain Zahl's rights in his medical license and practice. (Am. Compl. at 90-91.) While these statements are consistent within themselves in alleging a common purpose, they make little sense when compared to the remainder of the Amended Complaint. Turkette defined a RICO enterprise as one with a common purpose. 452 U.S. at 583. Zahl pleads that the Kosovskys' purpose was to gain an advantage in the New York divorce and custody proceedings; that McKeown was an agent of the Kosovskys; that Blackman and Rubinfeld sought to acquire Zahl's Ridgedale practice; that Harper sought to terminate his license for the benefit of the other conspirators; and that Brittle acquiesced in Harper's plans. (Am. Compl. at 60, 64, 65, 72, 77, 80). Even assuming arguendo that these disparate defendants possessed the same RICO enterprise common purpose, this Court does not find plausible the view that the Supreme Court of New Jersey or the entire staff of the New Jersey Attorney General's office shared a common purpose with residents of the state of New York (the Kosovskys) or a private medical practice (Ridgedale), all entities alleged to be part of the ZMPMLAIFE. (Am. Compl. at 91-92.)

(Op. of Mar. 25, 2008 at 50.)

This Court finds that the RICO and NJRICO claims against McKeown must be dismissed at this time for the same reasons enunciated in the March 2008 Opinion. This Court notes, and

---

[2] The "ZMPMLAIFE" was the enterprise alleged in the Amended Complaint, the "Zahl Medical Practice Medical Licensure Association-In-Fact Enterprise."

Zahl emphasizes, that "[t]he enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981); Pl. Opp. Br. at 19-21. Furthermore, "[t]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." Turkette, 452 U.S. at 583. Here, the enterprise alleged in the Amended Complaint is protean; it adapts itself to contradictory motives and alters its goals as persons join it and leave it. Both Blackman and Rubinfeld sought to obtain the Ridgedale business for which Zahl had the contract, and were therefore part of the enterprise along with Ridgedale itself. The Kosovskys and McKeown joined the enterprise out of a desire to gain advantage in custody and divorce litigation with Zahl, despite any interest of Zahl's ex-wife in Zahl's ability to contribute to child support. Harper joined the enterprise out of alleged discriminatory animus against Zahl, and the enterprise adapted itself to his desires. Such a fluid, mutable enterprise is inconsistent with the requirement that an enterprise have a structure: such an enterprise would be congruent to the pattern of activity, altering its goals and methods as defendants flitted in and out of the fact pattern, and such a diffuse enterprise is impermissible. In re Ins. Brokerage Antitrust Litig., No. 04-5184, 2007 WL 1062980, at *12 (D.N.J. Apr. 5, 2007). This Court, therefore, dismisses the RICO and NJRICO claims as to McKeown.

   **3. Section 1985(3) Conspiracy**

McKeown argues that this Court should dismiss the § 1985(3) conspiracy claim against him because Zahl has not pled the required "invidious class-based discriminatory animus." (Def. Br. at 29.) Zahl does not dispute McKeown's argument in his opposition papers. This Court, therefore, dismisses the § 1985(3) claims against McKeown for the reasons set forth in detail in

its March 27, 2009 Opinion. Although that Opinion discusses the proposed Second Amended Complaint in this matter, its discussion as to the absence of invidious animus on behalf of any individual other than Harper is consistent with the allegations in the Amended Complaint. (Op. of Mar. 27, 2009 at 18-20.) McKeown is not alleged to have an animus against Zahl based on Zahl's race, sex, or mental disability, and therefore Zahl's § 1985(3) claim against McKeown is dismissed. Farber v. City of Paterson, 440 F.3d 131, 138 (3d Cir. 2006).

### 4. Common Law Conspiracy

Both parties adopt the reasoning from prior motions as to why the common law conspiracy claim against McKeown should or should not be dismissed. (Def. Br. at 28; Pl. Opp. Br. at 37.) This Court finds, consistent with its prior opinions, that as no other substantive claim against McKeown survives his motion to dismiss, the common law conspiracy claim must also be dismissed. Faris v. County of Camden, 61 F. Supp 2d 307, 349 (D.N.J. 1999).

### B. Motion for Entry of Judgment Under Rule 54(b)

Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Supreme Court has enunciated a two-step procedure for entering judgment under Rule 54(b). Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980).

First, the district court must find that there is a final judgment, such that "it is a decision upon a cognizable claim for relief" and that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp., 446 U.S. at 7 (internal quotation omitted). Second, the district court must exercise its discretion and function as a "dispatcher" in determining whether there is "any just reason for delay." Id. at 8 (internal quotation omitted). In determining whether or not there is a just reason to delay the appellate process, a district court must balance such factors as the federal judicial policy against piecemeal appeals, "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

With the dismissal of the claims against McKeown in the Amended Complaint, the sole remaining defendant in this matter is Mary Sue Brittle ("Brittle"), Zahl's former employee. Default was entered against Brittle on October 21, 2009. Zahl's Amended Complaint has been dismissed against many defendants, and he has been twice denied permission to amend as to several of those defendants. Given that Zahl has represented to this Court that he seeks to appeal this Court's rulings on his "class of one" § 1983 and RICO claims rather than attempt to amend again, his case meets the first criterion of Rule 54(b), in that a final judgment exists as to some parties but not against one party. Curtiss-Wright Corp., 446 U.S. at 7.

This Court, then, moves on to the second prong of Rule 54(b), and must decide whether any just cause for delay exists. Zahl asserts that the claims against Brittle could be severed, and removing that last remaining barrier to finality would prevent his being further prejudiced by

additional motion practice and the passage of time. (Def. Br. at 1, 5.) This Court agrees with Zahl. Brittle has not at this time entered an appearance or sought to vacate the default entered against her, despite the fact that this case is now four years old. Furthermore, although Zahl's claims against Brittle are factually intertwined with the acts of other defendants, the allegations against Brittle in the Amended Complaint make it clear that if the Court of Appeals was required to hear a separate appeal from her at some later date, the same rationales utilized in an earlier appeal would apply equally to her. This Court, therefore, finds no just reason for delay, having dismissed the last non-defaulting defendant from this case. "For an action involving claims against multiple parties, a judgment that resolves less than all of the claims against all of the parties is not a 'final' judgment unless the court 'expressly determines that there is no just reason for delay.'" Sulima v. Tobyhanna Army Depot, —F.3d—, 2010 WL 1427542, at *3 (3d Cir. 2010) (reported decision). This Court finds that the express determination contemplated in Sulima is possible here, and that traditional appellate judicial economy will not be abused by entering judgment against all defendants except Brittle and permitting Zahl to appeal on the remainder of this matter. Plaintiffs motion for entry of judgment under Rule 54(b) is, therefore, granted.

## CONCLUSION

For the foregoing reasons and as set forth in the accompanying order, Plaintiff's motion

to for entry of judgment is granted, and McKeown's motion to dismiss is granted. An appropriate order accompanies this Opinion.


DATED: April 28, 2010                                        /s/ Jose L. Linares
                                                            United States District Judge