**NOT FOR PUBLICATION**                                                     **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ZAHL,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF LAW<br>AND PUBLIC SAFETY, et al.,<br>　　　　　　　　　　Defendant. | Civil Action No.: 06-3749 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

　　This matter comes before the Court by way of a motion to dismiss the Amended Verified Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Mary Sue Brittle, the sole remaining defendant in this action. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Based on the reasons that follow, Defendant's motion to dismiss is **granted.**

### BACKGROUND

　　This Court will only provide a brief recitation of the facts, as it writes only for the parties. Zahl was a licensed medical doctor practicing in the State of New Jersey through 2006. Zahl's practice during the period of time relevant to this case involved providing "eye block" anesthesia for Medicare-reimbursed surgery. Billing controversies with Medicare were reported to New Jersey's

licensing authorities by Zahl's employee Blackman, eventually resulting in two separate investigations by the New Jersey State Board of Medical Examiners ("the Board"). Zahl's license to practice medicine was originally revoked in 2003, but he continued to practice until the revocation pursuant to the first investigation became final in 2006. In re License Issued to Zahl, 895 A.2d 437 (N.J. 2006).

In his present action, Zahl alleges that conspirational connections between Blackman, his ex-in-laws and ex-wife (the Kosovsky defendants), a private investigator hired by the Kosovskys (McKeown), the physician who replaced him in his eye block practice (Rubinfeld), an office employee in his practice (Brittle), and state employees involved in the administrative cases against him in New Jersey resulted in the loss of his license and practice. The Court's jurisdiction over this matter is premised on 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

The operative complaint is the Amended Verified Complaint filed on April 30, 2007 (hereinafter referred to as "Amended Complaint"). The Court has ruled upon various motions to dismiss the Amended Complaint since 2007. All claims asserted as to all defendants, with the exception of Mary Sue Brittle, have been dismissed and are currently on appeal. Mary Sue Brittle is the sole remaining defendant in this action. The Amended Complaint asserts the following claims against Brittle: (1) conspiracy to deprive Plaintiff of equal protection of the laws, in violation of 42 U.S.C. § 1985(3) (Count Four), (2) federal civil RICO violation pursuant to 18 U.S.C. § 1962(c) (Count Six), (3) federal civil RICO violation pursuant to 18 U.S.C. § 1962(d) (Count Seven), (4) New Jersey civil RICO violation pursuant to N.J.S.A. 2C:41-2c (Count Eight), (5) New Jersey civil RICO violation pursuant to N.J.S.A. 2C:41-2d (Count Nine), and (6) common law civil conspiracy (Count Ten).

**LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

**DISCUSSION**

For the reasons that follow, the Court finds that each claim asserted against Defendant Brittle must be dismissed for reasons consistent with the Court's prior Opinions in this matter.

**1.      Rule 8 – All Claims**

The Court begins its discussion by noting an overarching defect in Plaintiff's claims against Defendant Brittle – namely, the lack of any substantive facts concerning Defendant Brittle or her role in the context of the "unlawful scheme" alleged.  The Court has carefully ready through the Amended Complaint and finds that nearly every reference to Defendant Brittle is conclusory and made in the context of a formulaic recitation of the elements of Plaintiff's various claims.  The only substantive facts alleged by Plaintiff concerning Brittle are as follows: (1) she was Zahl's former

secretary and medical billing clerk (Compl., ¶ 29), (2) she was the "to go to" person for double billing and other billing improprieties by Zahl (Compl., ¶ 177), (3) she failed "to disclose that she had engaged in a conflict of interest with and a financial relationship with Defendant McKeown to provide proprietary information" belonging to Zahl in an attempt to harm his reputation and to support false claims against him, knowing that they would cause him financial harm (Compl., ¶ 219), and (4) she provided false and misleading testimony against Zahl regarding various insurance claims (Id.). Based on the foregoing allegations, the crux of Plaintiff's claims against Brittle is that she engaged in "fraudulent" and/or "unlawful" conduct and ultimately joined a "conspiracy and unlawful scheme" with co-Defendants in an attempt to obtain Zahl's "rights to practice medicine and conduct business." See, e.g., Compl., ¶¶ 125, 126, 129, 131, 132, 178. Such vague and conclusory allegations of unlawful conduct do not satisfy the plausibility standard with respect to any of the claims asserted against Brittle.[1] See Iqbal, 129 S.Ct. at 1949; see, e.g., Brookhart v. Rohr, No. 10-1449, 2010 WL 2600694, at *2 (3d Cir. June 30, 2010). Counts Four, Six, Seven, Eight, Nine and Ten as against Defendant Brittle could be dismissed on this basis alone. In any event, as discussed below, the Court finds that dismissal of all claims asserted against Brittle is warranted for other reasons consistent with this Court's prior holdings in this matter.

---

[1] A detailed discussion of the elements of each claim asserted against Defendant Brittle has been set forth in the Court's prior Opinions in this matter.

2.     **Federal and New Jersey RICO Claims**

Counts Six, Seven, Eight and Nine assert federal and New Jersey RICO claims. As more fully discussed by the Court in its March 25, 2008 Opinion, Plaintiff's RICO claims fail as a matter of law inasmuch as Zahl has not met his burden of pleading that the Zahl Medical Practice Medical Licensure Association-In-Fact Enterprise ("ZMPMLAIFE") was composed of participants with a "common purpose." See Opinion (March 25, 2008) at 49-53 (relying on United States v. Turkette. 452 U.S. 576, 583 (1981)). As the Court explained:

> This Court finds that the ZMPMLAIFE fails to meet the definition of a RICO enterprise in Turkette, and, specifically, that no common purpose to the enterprise is apparent from the pleadings. Id. While the Court notes that a common thread in all of the submissions of the parties and the extensive proceedings extant before other judicial bodies is that Zahl arouses strong feelings, both positive and negative, in those he has personal contact with, not even the most generous reading of the Amended Complaint and the motion papers indicates that the various members of the ZMPMLAIFE had a common goal or that the ZMPMLAIFE possessed any overall structure. According to Zahl, the ZMPMLAIFE ostensibly operated to maintain his medical practice. (Am. Compl. at 90.) At some point, various defendants infiltrated the ZMPMLAIFE to interfere with or obtain Zahl's rights in his medical license and practice. (Am. Compl. at 90-91.) While these statements are consistent within themselves in alleging a common purpose, they make little sense when compared to the remainder of the Amended Complaint. Turkette defined a RICO enterprise as one with a common purpose. 452 U.S. at 583. Zahl pleads that the Kosovskys' purpose was to gain an advantage in the New York divorce and custody proceedings; that McKeown was an agent of the Kosovskys; that Blackman and Rubinfeld sought to acquire Zahl's Ridgedale practice; that Harper sought to terminate his license for the benefit of the other conspirators; and that Brittle acquiesced in Harper's plans. (Am. Compl. at 60, 64, 65, 72, 77, 80). Even assuming arguendo that these disparate defendants possessed the same RICO enterprise common purpose, this Court does not find plausible the view that the Supreme Court of New Jersey or the entire staff of the New Jersey Attorney General's office shared a common purpose with residents of the state of New York (the Kosovskys) or

> a private medical practice (Ridgedale), all entities alleged to be part
> of the ZMPMLAIFE.  (Am. Compl. at 91-92.)

See Opinion (March 25, 2008) at 49-53.

Such claims also fail because Zahl has failed to properly allege causation with respect to Defendant Brittle.  In other words, Zahl has failed to allege that any harms he has suffered, either from the loss of his medical license or from the loss of his medical practice, flowed directly from any actions of Brittle.  As the Court previously explained on a motion to dismiss filed by the Kosovsky Defendants:

> Even if Zahl were to establish during discovery that the Kosovskys formulated and executed a plan to have the Board revoke his medical license and Ridgedale deny him the renewal of his contract, those harms occurred directly through the actions of those intermediaries.  Ridgedale chose Rubinfeld to succeed Zahl; the Board revoked his license.  Even if these two organizations acted on information supplied with malicious intent by the Kosovskys, the harm to Zahl was too remote, 'indirect' in the language of Anza, for him to succeed in satisfying RICO or NJRICO proximate cause.

See Opinion (March 25, 2008) at 59 (relying on Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 461-2 (1991)).  The same rationale applies to Brittle.  Even if Ridgedale or the Board acted on information supplied with malicious intent by Brittle, the harm to Zahl was too remote for him to succeed in satisfying RICO or NJRICO proximate cause.  Plaintiff's RICO and NJRICO claims (Counts Six, Seven, Eight and Nine) must be dismissed accordingly.

### 3.     Civil Rights Conspiracy Claim

Count Four asserts a claim for conspiracy to deprive of equal protection of the laws against Defendant Brittle. 42 U.S.C. § 1985(3). In its March 27, 2009 Opinion denying Plaintiff's request for leave to file a Second Amended Complaint, the Court held the following:

> Thus, the only basis in the Second Amended Complaint for invidious, class-based animus resides with Harper. (Id. ¶ 125.) The remainder of the participants at issue in this motion were motivated by commercial interests or by seeking to gain advantage in other litigation; these are not within the scope of § 1985(3). The Complaint fails to indicate any facts to support a meeting of the minds suggesting common animus among the members of the alleged conspiracy, and therefore does not suffice under Federal Rule of Civil Procedure 8(a) to set forth sufficient facts to place Defendants on notice of the conduct to be defended in court.

See Opinion (March 27, 2009) at 19 (relying on Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 and Farber v. City of Paterson, 440 F.3d 131, 138 (3d Cir. 2006)). The Court later dismissed Plaintiff's § 1985(3) claim as against the State Defendants, noting, in pertinent part:

> For the reasons set forth in this Court's March 27, 2009 Opinion, this Court finds that the remainder of the Amended Complaint must be dismissed as to the State Defendants. In that Opinion, this Court found that the only evidence of the requisite animus for a § 1985(3) conspiracy was Deputy Attorney General Harper's alleged statement that Zahl should leave the United States and go to the Dominican Republic. (Op. of Mar. 27, 2009 at 19.) This is the only evidence of bias in either the Second Amended Complaint or the Amended Complaint that could satisfy § 1985(3), and it can only be ascribed to Harper. (Id.) A § 1985(3) conspiracy must have a meeting of the minds among its members. Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008). Zahl failed to allege any real meeting of the minds for the purposes of § 1985(3): some Defendants had economic motives, one possibly had a discriminatory motive, and some had personal disagreements with him related to family difficulties. The

> § 1985(3) claim from the Amended Complaint, therefore, is dismissed as to the State Defendants with prejudice.

See Opinion (September 18, 2009) at 14. Such holdings apply with equal force to Defendant Brittle. Having found that the only factually-supported allegation of bias in the Amended Complaint which could satisfy a § 1985(3) conspiracy was a statement made by Defendant Harper (which could not be ascribed to any other defendants), Plaintiff's § 1985(3) claim as against Defendant Brittle (Count Four) must be dismissed.

**4.  Common Law Civil Conspiracy Claim**

Count Ten of Plaintiff's Complaint sets forth a common law civil conspiracy claim. As this Court has previously noted, New Jersey law provides that civil conspiracy is a dependent claim, and must be alleged alongside a substantive claim. See Opinion (March 25, 2008) at 54; Opinion (March 9, 2010) at 14. Since all other claims asserted against Defendant Brittle have been dismissed, this claim must also be dismissed consistent with this Court's March 25, 2008 and March 9, 2010 Opinions. See, e.g., Eli Lilly and Co. v. Roussel Corp., 23 F. Supp. 2d 460, 497 (D.N.J. 1998) ("A conspiracy is not actionable absent an independent wrong; therefore, the dismissal of Lilly's other causes of action requires dismissal of the conspiracy claim."). Count Ten of Plaintiff's Complaint is hereby dismissed as to Defendant Brittle.

**CONCLUSION**

Plaintiff's Amended Complaint has now been dismissed, as to all defendants, in its entirety. Since 2006, this Court has ruled, in whole or in part, on four of Zahl's complaints. Zahl has not requested leave to amend the Amended Complaint in conjunction with his opposition to Brittle's motion to dismiss.[2] To the contrary, Plaintiff has represented that he seeks to appeal this Court's rulings on his "class of one" § 1983 and RICO claims rather than attempt to amend again. See Opinion (April 28, 2010) at 8. Plaintiff's appeal is currently pending before the Court of Appeals for the Third Circuit. See Docket Entry No. 294. Accordingly, the Court's dismisses all claims asserted against Defendant Brittle with prejudice and directs the Clerk's Office to close the Court's file in this matter.[3]

An appropriate Order accompanies this Opinion.

DATE: September 21, 2010

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Zahl does, in passing, request leave to "clarify" his § 1983 claim. There is no § 1983 claim asserted against Defendant Brittle in the Amended Complaint and leave to add such a claim was denied by the Court in its March 9, 2010 Opinion. See Opinion (March 9, 2010) at 6-14. Therefore, the Court finds that such request does not preclude the Court from dismissing his other claims as to Defendant Brittle with prejudice.

[3] See generally Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007); Galati v. Commerce Bancorp, Inc., 220 Fed. Appx. 97, 102 (3d Cir. 2007).